**NOT FOR PUBLICATION**



FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODYN OMAR VAQUERANO AYALA, | No.   19-73082 |
| Petitioner, | Agency No. A043-643-927 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2021[**]
Pasadena, California

Before:  GRABER and CHRISTEN, Circuit Judges, and SEEBORG,[***] District Judge.

Petitioner Rodyn Omar Vaquerano Ayala, a native and citizen of El

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Salvador, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of protection under the Convention Against Torture ("CAT").[1] Petitioner argues that he would likely suffer torture by the Salvadoran government if removed to that country because he "has many tattoos on his body which will notify the Salvadoran police forces that he is a former gang member." We deny the petition.

We review both the BIA's decision and the IJ's decision, because the BIA agreed with the IJ's reasoning in some respects but added its own analysis. See Del Cid Marroquin v. Lynch, 823 F.3d 933, 936–37 (9th Cir. 2016) (per curiam) ("In such situations, we review the decision of the BIA and look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." (internal quotation marks omitted)). We review the agency's findings for substantial evidence. Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010). Those findings are conclusive unless we are "compelled to conclude to the contrary." Garcia-Milian v. Holder, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks omitted).

To receive CAT protection, Petitioner must prove that it is "more likely than not" that he would be tortured, by or with the acquiescence of the government, if

---

[1] Petitioner did not appeal to the BIA the IJ's denial of withholding of removal, so we lack jurisdiction over that unexhausted claim. Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

returned to El Salvador. Id. at 1033; 8 C.F.R. § 1208.16(c)(2). Past torture is the first factor that we consider when evaluating the likelihood of future torture, Nuru v. Gonzales, 404 F.3d 1207, 1217 (9th Cir. 2005), and the absence of past persecution necessarily encompasses an absence of past torture, id. at 1224. Although Petitioner now argues that he suffered past persecution in El Salvador, he conceded through counsel at his merits hearing that he had not suffered past persecution, and did not challenge the IJ's finding before the BIA. Accordingly, he waived this argument.

Petitioner also relies on country conditions reports and news articles. That evidence does not compel a finding that Petitioner himself more likely than not faces torture by El Salvadoran officials. Medina-Rodriguez v. Barr, 979 F.3d 738 (9th Cir. 2020), is instructive. The petitioner there had tattoos associated with a drug cartel, and he argued that he would be tortured if returned to Mexico. Id. at 743, 750. We held that the evidence of general conditions did not compel a finding that the petitioner faced a particularized risk. Id. at 750–51. The same is true here. We are not compelled to find that Petitioner, individually, would be tortured if removed to El Salvador.

**Petition DENIED.**

3